LOTTINGER, Judge.
This is a suit in tort filed by Mary Jane ■Cornelius for the death of her husband resulting from an automobile accident. The defendant originally was Mrs. Alberta Fields, however, she has since passed away and her Succession has been substituted. The Audubon Insurance Company has been brought into the matter as a third-party •defendant. The Lower Court awarded judgment in favor of petitioner and against the defendant, and dismissed the suit as against the third-party defendant. The petitioner as well as defendant has appealed.
The record discloses that on or about August 5, 1956 Prince Fields, the husband of defendant herein and who is now deceased, came to the home of petitioner and her late husband, Edward D. Cornelius, in his passenger automobile and invited petitioner and her late husband to ride with him to Slidell, Louisiana, in order to visit petitioner’s ill sister. On several occasions Prince Fields had driven petitioner and her husband to visit the sister in Slidell. At the time petitioner and her late husband' were living in Hancock County, Mississippi, which is just across the Louisiana state line. Another Negro boy, who is unknown to the parties herein, accompa-' nied Prince Fields.
The four individuals, namely, Prince Fields, his guest passenger, and petitioner' and her husband entered the car owned by Prince Fields, and driven by him, and they commenced the journey to Slidell, Louisiana. Prince Fields was driving the car at the time of the accident, the unknown colored man was on the front seat next to him, petitioner was seated on the rear left seat and deceased, Edward Cornelius, was on the right rear seat. Upon ’ reaching the point approximately one-half mile from petitioner’s home, the fatal accident occurred resulting in the immediate death of Prince Fields, as well as very serious injuries to Edward Cornelius from which he died approximately one week later.
The testimony reflects that the site of the accident was a black-topped country road. As the automobile rounded a curve in the said road, it went into the ditch on the right-hand side for a distance of 200 feet, cut back across the road and went into the ditch on the left side, struck a log or some other obstruction and turned over. None of the witnesses were aware of what caused the automobile to leave the highway other than the excessive speed, which was testified to by two witnesses *706 who were sitting on the front porch of a home situated at the scene of the accident.
The petitioner filed this suit for damages against Alberta Fields, widow of Prince Fields. At the time of filing the suit the Succession of Prince Fields had been settled, and his widow had been sent into possession thereof. The defendant called in Audubon Insurance Company as a third-party defendant, or as warrantor, the petition being prepared so as to render it vague as to exactly what position Audubon takes in the suit. The reason for calling Audubon in was the fact that it held a liability insurance policy covering a school bus which was owned by Prince Fields at the time of the accident. Audubon denies any liability alleging that the insurance policy covers only the school bus and not the automobile which belongs to Prince Fields. Subsequent thereto, the defendant, Mrs. Alberta Fields, died and her Succession has been substituted as party defendant herein. The Lower Court awarded judgment in favor of petitioner and against defendant in the sum of $2,500 and dismissed, the third-party suit, or call in warranty against Audubon Insurance Company. Both petitioner and defendant have appealed.
It appears that there is no question but that Prince Fields was negligent in the accident which resulted in the death of Edward Cornelius. There is no testimony in the record to the effect that there was any other automobile in the vicinity at the time of the accident. The récord reflects that he rounded a curve on the highway, ran into the ditch on the right-hand side, crossed the highway again and ran into the ditch on the opposite side thereof and proceeded therein until he struck-some object causing him to turn over. In all the car of Prince Fields must have proceeded for a distance of 300 feet after first leaving the highway until it finally came to rest. Considering the distances involved, it appears to us that there- is no question but that his speed was excessive and was the cause of the accident.
The defendant alleges that the petitioner and her husband were engaged in a joint venture with Prince Fields at the time of the accident and that they were, therefore, guilty of concurrent or contributory negligence. The record reflects that neither petitioner nor her late husband owned an automobile, nor had they ever driven one. Petitioner further testified that he did not know anything was wrong until she heard a loud noise, which was apparently, when the automobile left the highway. The jurisprudence of our state is to the effect that a guest passenger is not under a duty to keep a constant look-out for dangers on the highway. He is under a duty to notify the driver, however, when he does become aware of such danger, or if he observes that the driver is incompetent or otherwise unfit to operate the machine. Herget v. Saucier, 223 La. 938, 67 So.2d 543. As there was nothing to indicate to petitioner or her husband of approaching danger, we feel that the Lower Court was correct in holding them free of any negligence. As to the question of joint venture, the record reflects that Prince Fields, the owner of the automobile, had complete charge and control of the vehicle and, under such facts, the Doctrine of Joint Venture does not apply. Singley v. Thomas, La.App., 49 So.2d 465. As to the question of liability of the third-party defendant, Audubon Insurance Company, under its policy of insurance issued, we feel that the Court was correct in holding that this policy was not applicable to the automobile in question. The policy in question is a standard policy of liability insurance, in use at the time of the accident, and was issued to the “St. Tammany Parish School Board and various individuals as listed on the attached schedule”. The obvious purpose of the policy was to provide liability coverage on the school busses in use in that Parish. On the attached schedule thereto, there is a list of some fifty names, representing the individuals who owned school busses which were used by the School Board. Among it is Prince Fields. His vehicle is de *707 scribed as a 1953 Chevrolet 60 passenger school bus, bearing a certain motor and serial number. The pertinent part of the policy, for the purpose of this decision, is the insuring agreement which covers several paragraphs. The only clause by which the said Prince Fields could possibly have been covered in this case is set forth in the paragraph V., Use of Other Automobiles :
“V. Use of Other Automobiles: If the named insured is an individual or husband and wife and if during the policy period such named insured, or the spouse of such individual if a resident of the same household, owns a private passenger automobile covered by this policy, such insurance as is afforded by this policy under coverages A, B, C — 1 and E with respect to said automobile applies with respect to any other automobile, subject to the following provisions: (Italics ours.)
* * * * * *
“(d) This insuring agreement does not apply:
“(1) to any automobile owned by or furnished for regular use to either the named insured or a member of the same household other than a private chauffeur or domestic servant of such named insured or spouse; * * (Italics ours.)
It is obvious from the provisions of the above that the policy was not meant to cover any other automobile owned by the assured, Prince Fields. As is claimed by the third-party defendant, if such were not the case, the private automobiles of some 50 individuals named in the policy would be covered for the single premium paid for coverage on the school busses. The coverage of this policy was listed under Item 5 as “school bus” and the vehicle described opposite the name of Prince Fields is not a private passenger automobile but is the school bus as described hereinabove. It is well established in this record that Prince Fields owned the vehicle which he was driving and involved in this accident. It is obvious therefore that the coverage of this particular policy was not intended to apply to a private passenger automobile that may have been owned by Prince Fields and not described in this policy. The purpose of the clause of this nature is well set forth in 5A Am.Jur., Automobile Insurance, Section 88, which reads as follows :
“Drive Other Cars or Use of Other Automobiles Clause. — A clause frequently contained in automobile liability insurance policies is the so-called ‘drive other cars’ or ‘use of other automobiles’ clause. It extends the driver’s regular insurance to casual driving of automobiles other than his own without the payment of extra premium and, in order to confine the extended protection to such casual driving and to make it inapplicable to driving of cars usually at hand, it usually excludes from coverage other cars owned by the insured or by members of his household as well as cars hired or leased for regular use.”
We feel that the Lower Court was correct in dismissing the third-party petition against the Audubon Insurance Company.
The attorney for the defendant has objected to the method of service used in substituting the Succession of Alberta Fields as party defendant herein. At the time of such substitution, the Succession had not been open and so service was made upon the attorney at law named in her will as attorney to settle her estate. The Dative Testamentary Executor had not yet been appointed by the Court, and we feel that the service, as made, was sufficient.
As to the amount of quantum, the record shows no pain and suffering or loss of wages resulting from the death of Edward Cornelius. Furthermore the estate left by Prince Fields and his widow is a modest *708 one, and we feel that the sum of $2,500 awarded by the Lower Court was reasonable.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.