HARDY, Judge.
This is an action by plaintiffs, husband and wife, for the recovery of damages to property and person resulting from an automobile collision. Named as defendants were the Hertz Corporation, its liability insurer, Atlantic National Insurance Company of New York, and Mrs. Pauline M. Spencer and her liability insurer, Allstate Insurance Company. From judgment in favor of plaintiff husband, in the principal sum of $2,086.39, and in favor of plaintiff wife, in the principal sum of $5,000.00, against the Hertz Corporation and its insurer, Atlantic National Insurance Company of New York, the latter have appealed, and plaintiffs have answered the appeal seeking an increase in the amount of the judgment. From further judgment rejecting plaintiffs’ demands against Pauline M. Spencer and her insurer, Allstate Insurance Company, plaintiffs have appealed.
The accident occurred about 8:30 A.M. on March 9, 1962, on U.S. Highway 80, a four-lane divided highway, about four miles east of Bossier City in Bossier Parish, and involved four automobiles, all of which were traveling east. The vehicles, in the order in which they were moving, were, respectively, a 1955 Plymouth owned and operated by defendant, Pauline Spencer; a 1957 Plymouth owned and operated by Brinton M. Gray, a resident of Florida who was accompanied by his wife; a 1959 Pontiac owned by plaintiff husband, Bobby C. Bowden, and driven by his wife, Shirley Ann Bowden, and a 1962 Chevrolet owned by the Hertz Corporation, leased to and driven by Charles K. Scott, a resident of the Antilles.
At a point on the highway where a crossover from the eastbound lanes of travel leads to the north approaching the entrance into Hillcrest Cemetery, and after giving both a directional light signal and a hand signal indicating the turn, Mrs. Spencer turned from her eastbound direction to the left and into the neutral ground separating the east and westbound lanes of travel. This maneuver on the part of the Spencer car required the following cars to come to a stop in order to permit it to clear their lane of travel. The Gray car and the Bowden car were stopped without incident by their drivers, but the Hertz vehicle, driven by Scott, crashed into the rear of the Bowden automobile, inflicting the damages for which recovery is sought in this suit.
Plaintiffs contend that Mrs. Spencer was negligent in bringing her automobile to a stop without warning or signal and in failing to unblock the northernmost eastbound traffic lane, in which the automobiles were proceeding, by moving her vehicle completely into the neutral ground. Neither of these charges of negligence is substantiated by the evidence. To the contrary, the record fully justifies the conclusion that Mrs. Spencer was traveling in the north of the two eastbound lanes *17 followed by the three automobiles above identified; that she made proper observation to the rear, gave adequate signal of her intention to turn and proceeded carefully to carry out this intention. There is some dispute as to whether her automobile completely cleared the eastbound lane ir. which the other vehicles were following, but this point is not pertinent in view of the fact that both the Gray and Bowden vehicles were easily brought to a stop.
The charges of negligence against Scott, the operator of the Hertz vehicle, were that he was driving at an excessive rate of speed; failed to maintain a proper lookout; was following too closely behind the preceding vehicle, and, because of his negligence, was unable to bring his car to a stop in time to avoid collision with the rear of the Bowden car. Scott did not testify either in person or by deposition. The evidence in tire record, considering both the testimony of the other parties and the physical circumstances, amply supports the conclusion that Scott’s negligence in driving at an excessive rate of speed under the circumstances without maintaining a proper lookout and in failing to have his car under such control as to enable him to bring it to a safe stop, was the sole and proximate cause of the collision.
All parties involved complain of the awards of damages. Mrs. Bowden’s principal injuries were attributable to a whiplash type injury described by the several physicians who attended her as being “mild” in nature and degree. However, Mrs. Bowden was confined to the hospital on three separate occasions; for a period of eleven days immediately following the accident, for a period of seven days some four months after the occurrence, and for another period of six days almost a year following the accident; she was unable to work in her skilled capacity as a computer machine operator until the 5th of December, 1962; she was forced to discontinue her work from February 27th until April 8, 1963; she suffered severe pain for an extended period of time, and at the time of trial — more than thirteen months following the accident — she testified that she was still nervous and suffered from recurrent pain and headaches. Under the circumstances we find that the award in favor of Mrs. Bowden in the amount of $5,000.00 is neither inadequate nor excessive.
Appellants object to the allowances made by the district court in the amount of $144.00 for travel expenses and $238.00 for nursing and housekeeping services performed by Mrs. Bowden’s sister on the ground that the first item was not sufficiently proved and there was no agreement between Mrs. Bowden and her sister with respect to the second item. We do not find these objections to be meritorious. The record justifies the allowance of travel expenses with sufficient certainty, and the testimony of Mrs. Bowden as to her agreement to pay her sister for services was not refuted. In this connection, it is worthy of mention that, although Mrs. Whitaker appeared as a witness in the case, she was not questioned by counsel with reference to the existence, vel non, of an agreement as to payment for her services.
In answer to the appeal plaintiffs claim, inter alia, entitlement to an additional allowance of $3,800.00 representing the earnings which would have accrued to the benefit of the community over a period of thirty-eight weeks from March 15th until December 5, 1962. We cannot find that the record justifies the allowance of this item. Mrs. Bowden had quit her employment several weeks prior to the accident and her assertion that she would have returned to work is too vague and indefinite to sustain an award.
Plaintiffs further claim an allowance for wages lost at the rate of $16.00 per day for thirty-three days representing the period from February 28th to April 8, 1963. There is no question as to the *18 fact that plaintiff had entered employment with the Louisiana Ordnance Plant on December 5, 1962, and that she was forced to take a leave of absence extending over the period above noted, during a part of which she was hospitalized. The necessity for the leave of absence and the hospitalization for further treatment are unquestionably attributable to the injuries suffered in the accident, and we think that an award should have been made to this extent.
For the reasons assigned, the judgment .appealed from is amended by increasing the judgment in favor of plaintiff, Bobby C. Bowden, and against the Hertz Corporation and Atlantic National Insurance Company of New York, in solido, to the principal stun of Two Thousand Six Hundred Fourteen and 39/100 ($2,614.39) Dollars, and, as amended, the judgment appealed from is affirmed. Costs of these appeals are taxed against the respective parties appellant.