HARDY, Judge.
This is an action by plaintiff for the recovery of property damage caused its truck-trailer unit by reason of a motor vehicle collision. Named as defendants were Phoenix Assurance Company of New York as insurer of a truck-trailer owned by a Texas corporation and driven by its employee, one Tommie B. Thornton; F. L. Scharf and his insurer, Liberty Mutual Insurance Company. After trial there was judgment in favor of plaintiff and against Phoenix Assurance Company, from which judgment the said defendant has appealed. Plaintiff has also appealed from that portion of the judgment rejecting its demands against Liberty Mutual Insurance Company as liability insurer of defendant, Scharf.
The suit arises from an automobile collision which occurred on the paved two-lane U. S. Highway 80 in Ouachita Parish. Immediately prior to the collision the truck-tractor unit owned by plaintiff, driv-1 en by its employee, Triplett, was moving west following a Corvair automobile driven by Scharf; an unidentified white automobile and the following truck driven by Thornton were approaching from the op-J posite direction in the eastbound lane of the highway; Scharf made a left turn across the highway and into the gravel parking area in front of a service station on the south side of the highway. Thornton pulled his truck off of the highway onto the graveled area then pulled to the left, and upon regaining the highway apparently lost control of his vehicle, which crossed the center line and collided with plaintiff’s vehicle which had been brought to a stop well on the north side of the highway. Neither of the drivers of the eastbound vehicles, the unidentified white car and the Thornton truck, testified on trial of the case. Other witnesses advanced the theory that Thornton was unable to bring his car under control in time to avoid a rear-end collision with the preceding white automobile, which had slowed its speed, and found it necessary to turn off of the highway. The theory is further extended to the conclusion that Thornton then attempted to avoid a collision with the Scharf automobile by turning back to the left, at which time he lost control of his vehicle. The only other necessary observation is that the highway was wet and slick due to recent rainfall.
The issue presented is factual and involves the questions of primary and contributory negligence. It is conceded that plaintiff is entitled to recover from one or all of defendants..
The opposed contentions may be summarized as follows:
1. Plaintiff contends that Scharf was negligent in making a left turn in front of oncoming traffic and that *682 Thornton was negligent in failing to maintain a proper lookout; in failing to maintain control of his vehicle and to observe a proper and reasonable speed under the circumstances, and in negligently-crossing the highway into the lane of travel of plaintiff’s vehicle.
2. Phoenix contends that the negligence of Scharf in making a left turn across the path of approaching traffic was a proximate or contributing cause of the accident.
3. Scharf and his insurer urged that Thornton’s negligence in failing to maintain a proper lookout; to observe a safe interval of distance between his truck and the preceding car; in traveling at an excessive rate of speed, and in failing to maintain control of his vehicle was the sole cause of the accident.
There can be no question as to the negligence of Thornton and the only issue bears upon the question of concurrent or contributory negligence on the part of Scharf.
This case does not present any established factual circumstances which would justify the conclusion of the existence of an emergency. According to the testimony of Scharf he observed the approaching eastbound traffic and had ample time to make the turn across the highway. There is testimony by several of the witnesses that the eastbound white automobile slowed down as the Scharf car turned across the highway, but it is not shown that this action was in any sense the result of an emergent danger created by S chart’s maneuver, and there is not the slightest indication that the driver of the white automobile was confronted by an emergency.
As above observed, Thornton did not testify. The investigating State Trooper testified as follows, without objection:
“Mr. Thornton advised me that he was traveling east on U. S. 80 following an eastbound vehicle. As he approached the Golson Butane Company an unidentified vehicle cut across their path in the west lane and crossed the east lane towards Golson Butane, in that vicinity. The preceding vehicle slowed and Mr. Thornton applied his brakes and due to the road conditions, he attempted to go to the right, and at this time the unidentified vehicle was also in his path. To avoid hitting both vehicles he pulled his vehicle to the left and that’s when he lost control.”
It is clear from this statement that Thornton was unable to slow or stop his truck in time to avoid a rear-end collision with the preceding white automobile. This failure was due either to his negligence in traveling at an excessive speed on a slick highway or in traveling too close to a preceding vehicle, or in failing to maintain a proper lookout, or to a combination of these causes. By reason of his negligence in one or some of these respects Thornton was forced to leave the highway and then and only then was supposedly confronted with the danger of a collision with the Scharf automobile which was completely off of the highway and presumably in a place of safety in the graveled area of the filling station well on the south side of the highway. In attempting to avoid this collision, which was brought about by his own original negligence, Thornton was forced to again take evasive action by turning to the left, and in this operation he lost control of his vehicle, crossed the center of the highway and struck the Propane truck.
In a comparatively recent case, though distinguishable on the ground that it involved a rear-end collision, this court considered the same nature of charges of negligence, Bowden v. Atlantic National Ins. Co. of New York et al. (2nd Cir., 1964), La.App., 165 So.2d 15. The following quo *683 tation from the opinion appears to be appropriate :
“The charges of negligence against Scott, the operator of the Hertz vehicle, were that he was driving at an excessive rate of speed; failed to maintain a proper lookout; was following too closely behind the preceding vehicle, and, because of his negligence, was unable to bring his car to a stop in time to avoid collision with the rear of the Bowden car. Scott.did not testify either in person or by deposition, the evidence in the record, considering both the testimony of the other parties and the physical circumstances, amply supports the conclusion that Scott’s negligence in driving at an excessive rate of speed under, the circumstances without maintaining a proper lookout and in failing to have his car under such control as to enable him to bring it to a safe stop, was the sole and proximate cause of the collision.”
Counsel for appellant, Phoenix Assurance Corporation, relies upon the holding of the Supreme Court in Washington Fire & Marine Insurance Company v. Firemen’s Insurance Company, 232 La. 379, 94 So.2d 295. In the cited case plaintiff was in the act of making a left turn when his vehicle was struck by an automobile approaching from the opposite direction. It is obvious that the factual situation in the cited case is completely different from the one existing in the case under consideration in which the left turn had been completed and with which car there was no collision.
Under our appreciation of the facts we find no error in the conclusion of the trial judge that Scharf was not guilty of negligence and that the negligence of Thornton was the sole and proximate cause of the accident. In view of this factual conclusion the principles enunciated in Lynch v. Fisher, et al. (2nd Cir., 1948), La.App., 34 So.2d 513, cited by counsel, would not be applicable.
For the reasons assigned the judgment appealed from is affirmed at the cost of defendant-appellant, Phoenix Assurance Company.