294 So.2d 602 (1974)
Nezlee M. HICKS
v.
Lawrence A. ALPHONSE and Travelers Insurance Company.
No. 6123.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1974.
Rehearing Denied June 6, 1974.
Eugene J. Gomes, Jr., New Orleans, for Nezlee M. Hicks, plaintiff-appellant.
M. N. Grossel-Rossi; Leach, Grossel-Rossi & Paysse, New Orleans, Edward E. Thornton and Travelers Ins. Co., defendants-appellees.
Stewart E. Niles, Jr., of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for Travelers Ins. Co., defendant-appellee.
Before BOUTALL and MORIAL, JJ. and BOURG, J. Pro Tem.
*603 BOUTALL, Judge.
This is a suit for personal injuries brought by the owner-passenger of an automobile involved in a two car collision. Plaintiff, Nezlee M. Hicks, brought suit against the driver of her automobile, Edward E. Thornton, and her insurer, Travelers Insurance Company as the omnibus insurer of Thornton. Additionally, she sued Lawrence A. Alphonse, the driver of the other vehicle, and, alleging he was not insured, also joined Travelers Insurance Company under the Uninsured Motorist provisions of her policy. The trial court found both drivers to be negligent and imputed the negligence of plaintiff's driver to her under the theory of joint venture, and on the basis denied recovery to plaintiff. From this judgment she appeals.
The record reveals that plaintiff drove her car to Schwegmann's one evening and after purchasing some groceries, she picked up Edward E. Thornton for the purpose of making a visit to Thornton's sick sister in Preston Hollow, in St. Charles Parish. Thornton was the driver for this trip, and during its course, while driving along Louisiana Highway 48, known as the River Road, he missed the turnoff road to Preston Hollow. At this time it was dark and drizzling rain, and when it became apparent that the road to Preston Hollow had been passed, it was decided that the vehicle should be turned around and its path retraced. In order to do this, Thornton decided to make a right turn, utilizing a turn-off which ran towards the Mississippi River levee and, while in this process, plaintiff's vehicle was struck from the rear by Alphonse's pickup truck which had been following closely behind.
We find it unnecessary to discuss at great length the negligence of the parties. Alphonse had been following the plaintiff vehicle for some time and had noted its erratic behavior on the road. There was no other traffic on the road, and it is apparent that he could have avoided collision had he been alert. The trial judge found, and the record shows, that Alphonse simply failed to take proper evasive maneuver and failed to allow proper clearance between the side of his vehicle and the plaintiff vehicle which was still partially on the road.
The trial judge then found that Thornton was negligent in making a right hand turn, and not pulling completely off of the highway, but stopping partly thereon, knowing that another vehicle was following close behind. Both Thornton and plaintiff testified that the right hand turn signal was flashing for at least two miles, however the court accepted the testimony of Alphonse that no signal was given. We find no error in the conclusions of the trial court as to the negligence of each driver.
Since we conclude that the trial court was correct in its finding of negligence, appellant asserts to us, "there simply remains the question to be disposed of as to whether or not the district court was correct in its appraisal of the law, wherein the court indicated that the plaintiff-passenger could not recover damages for her personal injuries arising out of this accident, as a result of the negligence of her driver, Edward E. Thornton, due to the fact that his negligence was imputed to her on the basis of the joint venture or the joint mission doctrine, and because of this finding by the court, there could be no recovery had by the plaintiff against her driver and/or his liability insurer, Travelers Insurance Company." In this regard, we believe the trial court erred. As we view the evidence, we find nothing to indicate that plaintiff exercised any control over the mode of operation of the vehicle. Indeed it appears to us that Thornton was driving properly and carefully under the circumstances, until he made the maneuver which caused the collision. His fault lies simply in the fact that he apparently failed to pull all of the way off the highway in making his right turn but left the rear end protruding onto the paved portion. As we view the testimony, plaintiff was only exercising *604 general control as may be expected of an owner-passenger, when the vehicle's way is lost. Thus we find no direct acts of negligence upon plaintiff such as would prohibit recovery from her driver, Thornton.
No facts having been shown to impute negligence of the driver to the owner, we consider that this case is governed by the rationale as stated in Williams v. State Farm Insurance Company, 273 So.2d 680 (La.App. 1st Cir. 1973) quoting with approval on page 682, the following:
"In Lawrason v. Richard, 172 La. 696, 135 So. 29, 31 (1931), the court stated:
"`Moreover, the doctrine of joint liability because of joint adventure has no application between the parties but only as concerns third parties, the theory of joint liability being based on supposed agency. And there can be no doubt that a negligent agent is liable to his principal unless the latter be also at fault.'" (Citations omitted)
"See also Normand v. American Home Assurance Company, 171 So.2d 804 (3rd La.App., 1965), rehearing denied March, 1965, writ refused April, 1965"
Turning now to the question of damages, we find the following. In the collision of October 16th, Mrs. Hicks was thrown into the dashboard of the car and struck her head a severe blow. The following Monday, October 19th, she saw Dr. Figueroa for treatment. She complained of headaches, pains in the neck with radiation into the shoulders, and pains in the lower back and hips area. Upon examination Dr. Figueroa found that she had contusions of the right and left shoulder and chest, and that she had positive signs of tenderness and tightness, which he characterized as moderate muscle spasms, of the back of the neck as well as to the deltoid muscle area of the shoulders. He found moderate muscle spasm of the lower back and spine radiating into the hip area, particularly the right hip where he found a contused area. He concluded that she suffered a strain of the cervical spine and of the lumbo-sacral spine as well as the contusions mentioned. He found that she had approximately 40% restriction of motion in the neck and lower back.
Dr. Figueroa ordered her to stay in bed for two weeks and placed her upon a regime of analgesics and muscle relaxants, and required her to receive heat treatment therapy amost daily for a while and then less frequently for a total of thirty-two treatments. He treated her from the 19th day of October until December 31st, 1971, at which time he discharged her without symptoms. Although she has never returned to Dr. Figueroa for further treatment, Mrs. Hicks testimony is to the effect that she suffered pain thereafter and received treatment from other physicians. We conclude that she is entitled to the sum of $3,500 for her injuries, pain and suffering.
In addition, Mrs. Hicks, who ran a small beauty parlor, could not work for some six weeks, and the evidence shows the amount of $187.00 as loss of earnings during this period. Also, she was required to hire a neighbor to attend her needs and do her housework and other errands at a cost of $35.00 per week for seven weeks at a total expense of $245.00. She incurred medical expenses in the amount of $287.00 and an x-ray bill in the amount of $60.00. The damage to her vehicle was stipulated to be the deductible in the amount of $100.00.
Accordingly we conclude that Mrs. Hicks is entitled to a judgment in the amount of $4,379.
Accordingly, it is ordered, adjudged and decreed that the judgment appealed from is affirmed in part and reversed in part and there is now judgment in favor of Nezlee M. Hicks and against Edward E. Thornton and his insurer, The Travelers Insurance Company, in solido, in the full sum of Four Thousand Three Hundred and Seventy-Nine Dollars ($4,379.00), together with *605 legal interest from date of judicial demand until paid, and for all costs of the proceedings in both courts.
Affirmed in part, reversed in part, and rendered.