348 So.2d 122 (1977)
Oscar UMBEHAGEN
v.
LIBERTY MUTUAL INSURANCE CO. et al.
Dorothy Klein VANNEY
v.
LIBERTY MUTUAL INSURANCE COMPANY et al.
Nos. 8150, 8151.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1977.
Rehearing Denied August 1, 1977.
Writ Refused October 26, 1977.
*123 Edwin R. Pillault, Jr., Andry & Andry, New Orleans, for Oscar Umbehagen and Dorothy Klein Vanney, W. Monroe Stephenson, New Orleans, of counsel, plaintiffs-appellants.
Robert M. Johnston, Johnston & Duplass, New Orleans, for the City of Kenner, defendant-appellee.
Bruce J. Borrello, Metairie, for Clinton L. Scott and Liberty Mut. Ins. Co., defendants-appellees.
*124 Before LEMMON, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
Plaintiff Oscar Umbehagen, driver, together with owner-passenger plaintiff, Dorothy Klein Vanney, brought these consolidated suits against the driver of the other vehicle involved, Clinton L. Scott, Scott's insurer, and the City of Kenner, whose police were directing traffic at the scene. Defendants Scott and his insurer filed a third party action against Umbehagen, et al. The trial court found both drivers negligent and imputed the negligence of plaintiff Vanney's driver to her under the theory of joint venture, and on that basis denied recovery to plaintiffs in both the original demands and the third party demands. From that judgment, Dorothy Klein Vanney and Oscar Umbehagen have appealed.
These suits arise from an accident that occurred on the evening of May 12, 1972 at the intersection of 35th Street and Williams Boulevard, a wide boulevard with divided roadways, in the City of Kenner. The traffic at the intersection, because of Jefferson Downs, was controlled by four Kenner policemen; one policeman being positioned at each point of traffic flow. The weather was rainy and dark.
There are almost as many versions of the accident as there are witnesses to it, and we believe it would serve little purpose to recant in detail the various versions. Suffice it to say that no witness gave testimony which was not contradicted by others, and the trial court was faced with a number of credibility determinations. The trial judge determined that Scott proceeded in violation of the instructions of the police and was thus negligent. Umbehagen was found negligent in entering the intersection without looking to his left to ascertain if all oncoming traffic had cleared. We agree with these determinations of negligence, but because we disagree with the application of law in the case of plaintiff Vanney, we are compelled to make a determination of the negligence of the police officers. We find the following to be the facts.
The Scott automobile was east bound on 35th St., the traffic controlled by Sgt. Louis Turner. The Umbehagen-Vanney automobile was north bound on Williams Blvd., the traffic controlled by Patrolman Gullett. To start, the Williams Blvd. traffic was stopped and traffic was proceeding on 35th St. Scott's car was moving across the intersection at a very low rate of speed, practically crawling, and he was stopping or hesitating momentarily at each traffic lane. Sgt. Turner noticed that his activities were holding up a proposed change in traffic flow and signalled him to stop, but Scott continued until he reached the neutral ground area where he stopped. Sgt. Turner walked over to Scott's car and told him to remain stopped in the neutral ground area until given a signal. However, as Turner walked back to his post, Scott slowly pulled off across the northbound roadway of Williams to the point of collision. During the period of Scott's maneuvers, traffic on Williams was stopped and Patrolman Gullett was in the process of stepping from his stopped-traffic position to the edge of the roadway or curbing preparatory to signalling the Williams' traffic to start. Before he reached his moving traffic post, without waiting for a signal to start, Umbehagen started up his vehicle in the right traffic lane and proceeded a few feet into the intersection, when he collided with the right side of the crossing Scott automobile at a point between the front fender and the door. Thus we conclude that Scott was negligent in disobeying the orders of Sgt. Turner, and Umbehagen was negligent in proceeding from his stopped position without receiving a signal to proceed from Patrolman Gullett and without ascertaining that the way was clear. We affirm the trial court's judgment dismissing both their claims, together with their insurer's claims.
We now proceed to a consideration of plaintiff Vanney's claims. We find no negligence on the part of the officers and hence their employer, the City of Kenner. The issue is whether we should find that driver Umbehagen's negligence also bars her from recovery. The trial judge found *125 Umbehagen and Vanney to have been on a joint venture because both had a mutual interest in their trip to Jefferson Downs for a night of entertainment, and Vanney, as owner of the vehicle, had the implied right to direct the operation of the vehicle notwithstanding her inability to drive. In support of this proposition, we are referred to the cases of Husser v. Bogalusa Coca-Cola Bottling Company, La.App., 215 So.2d 921 (1968) and Rodriguez v. State Farm Mutual Insurance Company, La.App., 88 So.2d 432 (1955).
The facts are these. Mrs. Vanney and Mr. Umbehagen were both fond of attending race tracks and frequently went to Jefferson Downs together. On this particular night, instead of using Umbehagen's truck, which had a broken window, and was thus subject to be rained into, the parties decided to use Mrs. Vanney's automobile, which she had just purchased from her brother for $150.00. Mrs. Vanney could not drive an automobile. The record does not show that she attempted to exercise any control of the vehicle on this occasion, and that she was not independently guilty of any negligent conduct. See for example Hicks v. Alphonse, 294 So.2d 602 (La.App. 4th Cir. 1974).
The applicable law is stated in the case of Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (La.1963), quoting with approval the following on page 152:
`"As a general rule, it may be said that in order to impute the negligence of one person to another, there must exist between them some relation of master or superior and servant or subordinate or other relation akin thereto. The relation between them must be one invoking the principles of agency, or the persons must be co-operating in a common or joint enterprise, or the relation between the parties must have been such that the person to whom the negligence is imputed must have had a legal right to control the action of the person actually negligent. As the rule is stated by American Law Institute, the relation between the plaintiff and the third person must be such as to make the plaintiff responsible at common law for the negligent conduct of such third person."' * * *
"We are in accord with the views expressed by the American Law Institute Restatement and we hold that unless a plaintiff could be held responsible, as a matter of law, for the torts of the person whose negligence is sought to be charged to him the doctrine of imputed negligence cannot be applied."
In that case the court rejected the proposition that a mother passenger who had the theoretical right of control over the son's operation of the family automobile was barred from recovery by imputation of the driver's son's negligence. In so ruling, the court specifically disapproved of the case of Rodriguez v. State Farm Mutual Insurance Company, supra, insofar as it imputed negligence solely on the ground of theoretical right of control. Considering the facts in this case, we find the principles of Gaspard to be controlling, and that Mrs. Vanney is not barred from recovery.
Turning to the question of her damages, we find the following. Mrs. Vanney was thrown against the dashboard and glove compartment door of the car at the time of the collision. She was taken to the emergency room of East Jefferson General Hospital where x-rays revealed no fractures, and within the next several days she presented herself to Dr. George Morlier, her family doctor, for treatment.[1] Dr. Morlier sent her to Dr. Williams, an orthopedist, on May 19, 1972, and he noted that she had a small laceration on her right leg and a large bruise which seemed to be enlarging. He concluded that she was suffering from "ecchymosis" from the contusion which he thought would probably resolve itself with time, elevation and possibly heat treatments. *126 merits. It should be noted at that time that Mrs. Vanney informed the doctor that the leg did not hurt to walk upon.
Mrs. Vanney also claims injury to her right shoulder in the accident but the medical evidence available indicates that any problem she had with her shoulders "was" due entirely to matters not connected with this accident and we so find. Her leg hurt her for a matter of several months, however she received treatment for that injury only up to July 31, 1972, at which time Dr. Soloboff, who was consulted for her shoulder condition, testified that there was no problem with her legs, and this was generally substantiated by Dr. Stumpe, who took over her general treatment from Dr. Morlier. We further note that there were no more references to Mrs. Vanney's leg problems in Dr. Morlier's office notes beyond the visit of June 19, 1972, although from the testimony in general it would appear that her leg still pained her at this time and the doctor continued to observe it when she came to his office for treatment of her other medical problems. We would thus grant her recovery for fifteen office visits to Dr. Morlier at $10.00 per visit, or a total of $150.00. Other medical expenses were East Jefferson General Hospital, $51.75, x-rays, $20.00, Dr. Williams, $35.00, for a total of $256.75. For her injuries to her leg and the pain and suffering, we would grant $750.00. For a total recovery of $1,006.75. Since Mrs. Vanney did not sue Umbehagen, and we find no negligence by the City of Kenner, we cast in judgment Clinton L. Scott and his insurer, Liberty Mutual Insurance Company.
For the reasons above stated, we reverse that part of the judgment appealed wherein Dorothy Klein Vanney's suit against Clinton L. Scott and Liberty Mutual Insurance Company was dismissed, and we render judgment herein in favor of Dorothy Klein Vanney and against Clinton L. Scott and Liberty Mutual Insurance Company, in solido, in the sum of $1006.75, together with interest from date of judicial demand, and for all costs. The judgment is in all other respects affirmed.
AFFIRMED IN PART, REVERSED IN PART, and RENDERED.
NOTES
[1] Dr. Morlier died several months later, and only his records were placed in evidence. These consist of a report and a number of notes of various visits. The doctor had been treating her for some time for her general health condition, and shortly before the accident, for an injury to her shoulder received in a slip and fall incident.