HALL, Judge.
Plaintiff (Dairyland Insurance Company) filed suit against the defendants to recover the amount paid to its insured (Bagley) for damage to his automobile sustained in an automobile accident which occurred on June 30, 1979. Defendants, the driver of the other vehicle (Bullard), the owner (Joseph), and his insurer (Safeway), answered the suit with a general denial of plaintiff’s allegations and the defendant owner, Joseph, reconvened against Dairyland and Bagley alleging that the negligence of Bagley was the sole cause of the accident. Joseph sought to recover the sum of $500 for property damage and $1,000 for loss of use of his vehicle and for his personal inconvenience. After trial on the merits, the trial court found that both drivers were at fault in causing the accident and rejected plaintiff’s demands. The trial court also dismissed defendant Joseph’s reconventional demand holding that the negligence of the driver of Joseph’s vehicle was to be imputed to Joseph under the circumstances presented. Defendant Joseph appealed from the portion of the trial court’s judgment dismissing his reconventional demand. Finding that there is no basis to impute the driver’s negligence to Joseph, the owner of the car, we reverse the portion of the trial court judgment dismissing Joseph’s recon-ventional demand and award him damages.
The accident giving rise to this suit occurred around the noon hour on Hearne Avenue, a four-lane thoroughfare located in Shreveport, Louisiana. Plaintiff’s insured, Bagley, was traveling in the southbound outside lane of Hearne Avenue. Theophilus Bullard, Joseph’s son-in-law, accompanied by several of his family members, including Joseph, were traveling south on Hearne Avenue toward a restaurant south of town where the family was to have lunch. All the passengers in defendant’s vehicle testified that the vehicle was traveling in the outer southbound lane when it slowed to allow a preceding motorist to effect a turn. At that point, Bagley’s vehicle, also in the outer southbound lane, rear ended the defendant’s vehicle. An eyewitness produced on behalf of the plaintiff testified that the *638 defendant vehicle was traveling in the inner southbound lane, pulled suddenly into the outer lane, sideswiping Bagley’s vehicle and then stopped suddenly causing. Bagley to run into the back of the defendant’s vehicle. The police officer first on the scene testified that he questioned Bagley about what had happened and Bagley told him that he simply was not paying attention, he glanced away for a moment, and that when he looked back traffic had stopped and he did not have time to stop his vehicle before it hit defendant’s vehicle. Based on this testimony, the trial court found that the drivers of both vehicles were at fault in causing the accident. Additionally, the trial court found that Joseph and his son-in-law were on a joint mission, i.e., they were on a family outing going to lunch at a local restaurant, and that because Joseph was present in the vehicle at the time of the accident, the son-in-law’s negligence should be imputed to Joseph.
On appeal, Joseph argues that the trial court erred (1) in finding the driver of the Joseph automobile at fault; (2) in applying the doctrine of contributory negligence where it was not affirmatively pled by the defendant; and (3) in ruling that the negligence of the son-in-law should be imputed to Joseph; the owner of the automobile.
Plaintiff did not appeal nor answer the appeal, therefore, the judgment rejecting plaintiff’s demands is final. For the reasons which follow we find that the negligence, if any, of the driver of Joseph’s car cannot be imputed to Joseph, therefore, it is unnecessary to consider whether the son-in-law was negligent in the operation of defendant Joseph’s vehicle.
The evidence discloses that Joseph gave his son-in-law permission to drive his vehicle because Joseph was from out of town and the son-in-law was more familiar with the city. The record does not show that Joseph attempted to exercise any control of the vehicle on this occasion and it is clear that Joseph was not independently guilty of any negligent conduct. The trial court imputed to Joseph the negligence of his son-in-law on the basis that the two were on a joint mission and since Joseph was present in the vehicle at the time of the accident, Joseph had a theoretical right of control over the actions of his son-in-law.
Under the applicable law as enunciated in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), the trial court was in error in imputing the negligence of the son-in-law to Joseph. In Gaspard, the court disapproved the concept of theoretical right of control holding that a mother passenger who had the theoretical right of control over the son’s operation of the family automobile was not barred from recovery by imputation of the son’s negligence. The following passage is pertinent:
“ ‘As a general rule, it may be said that in order to impute the negligence of one person to another, there must exist between them some relation of master or superior and servant or subordinate or other relation akin thereto. The relation between them must be one invoking the principles of agency, or the persons must be co-operating in a common or joint enterprise, or the relation between the parties must have been such that the person to whom the negligence is imputed must have had a legal right to control the action of the person actually negligent. As the rule is stated by American Law Institute, the relation between the plaintiff and the third person must be such as to make the plaintiff responsible at common law for the negligent conduct of such third person.’ (Emphasis ours).
“We are in accord with the views expressed by the American Law Institute Restatement and we hold that unless a plaintiff could be held responsible, as a matter of law, for the torts of the person whose negligence is sought to be charged to him the doctrine of imputed negligence cannot be applied.... ” (Emphasis in the original).
In the present case there was no showing that Joseph and his son-in-law were engaged in a joint enterprise as that term is construed in Gaspard, supra. It is clear that Joseph and his son-in-law were not acting in a venture for their mutual profit. *639 Nor does the record reveal that the son-in-law was Joseph’s agent. See Farmer v. Hartford Acc. & Indem. Co., 368 So.2d 487 (La.App. 3d Cir. 1979); Umbehagen v. Liberty Mut. Ins. Co., 348 So.2d 122 (La.App. 4th Cir. 1977), writ denied 350 So.2d 1209 (La.1977); Hicks v. Alphonse, 294 So.2d 602 (La.App. 4th Cir. 1974); Williams v. State Farm Insurance Company, 273 So.2d 680 (La.App. 1st Cir. 1973). In Umbehagen, the court held that the negligence of the driver of a vehicle should not be imputed to the owner — passenger so as to bar the owner— passenger’s recovery where the parties were traveling together for a night of entertainment at a racetrack.
Therefore, we reverse that part of the trial court’s judgment dismissing defendant Joseph’s reconventional demand and award him $500 as prayed for, being the amount of his collision insurance deductible.
Defendant Joseph also seeks damages in the sum of $1,000 as compensation for his personal inconvenience in not having the use of his automobile for four days. Joseph failed to prove any legally compen-sable degree of inconvenience. The duty not to negligently cause damage to another’s property does not protect against the risk of causing minimal and normal worry and inconvenience to the owner of the property as a consequence of the property damage. Farr v. Johnson, 308 So.2d 884 (La.App. 2d Cir. 1975), application for certiorari not considered 310 So.2d 854 (La.1975), 315 So.2d 143 (La.1975).
For the reasons assigned, the judgment of the trial court dismissing defendant Joseph’s reconventional demand is reversed and judgment is rendered in favor of John Joseph and against Dairyland Insurance Company and Kyle P. Bagley in solido for $500, together with legal interest thereon from date of judicial demand until paid. Costs of this appeal are assessed to the defendants-in-reconvention.
Reversed and rendered.